FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 13 PM 2: 21

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL NANCE | CIVIL ACTION |
| VERSUS | NO.  03-3092 |
| NEW ORLEANS AND BATON ROUGE STEAMSHIP PILOTS ASSOCIATION, ET AL | SECTION "F" (3) |

## REPORT AND RECOMMENDATION

Having determined that defendants, New Orleans Baton Rouge Steamship Pilots

Association, Captain William O. "Bud" Watson, Captain Chris Brown and Captain Louis

Lahners (hereinafter referred to as the "NOBRA defendants") are prevailing parties with respect

to the plaintiff's claims against them,[1] the Court next must consider whether they are entitled to

any attorney's fees under the reasonableness inquiry.  For reasons set forth below,  **IT IS**

**RECOMMENDED** that the NOBRA defendants' § 1988 Application for an Award of

Attorney's Fees and Costs be GRANTED in the **total amount of $25, 884.10** (*i.e.*, $21,280.00

attorney's fees,  plus $4,604.10 costs).

## I. INTRODUCTION

In the instant case, the NOBRA defendants successfully prosecuted a motion for summary

judgment which resulted in the dismissal of all of the plaintiff's claims against them. Thereafter,

the Court granted their motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988, but

---

[1]*See* Order and Reasons dated May 2, 2005 [Rec. Doc. No. 83]; Order dated June 16, 2005 (approving and adopting the aforesaid order and reasons as the opinion of the district judge) [Rec. Doc. No. 88].

only in part, to wit:

> In this case, plaintiff's claims (§§ 1983, 1985(3) and 1986) against the NOBRA defendants suffered from both factual and legal deficiencies, which should have been apparent to the plaintiff no later than December 7, 2004, the date upon which the NOBRA defendants filed their motion for summary judgment. The Court finds that all fees incurred by the NOBRA defendants from that date forward and necessarily incurred in connection with defending against the plaintiff's claims should be awarded pursuant to 28 U.S.C. § 1988.[2]

## II. THE LODESTAR METHOD

Determination of the reasonableness of defendants' fee application is a two-step process that begins with the "lodestar" amount. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account, which would constitute impermissible double-counting.[3]

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

---

[2]Order and Reasons dated May 2, 2005 at p. 9 (granting *in part* the NOBRA defendants' motion for an award of fees) [Rec. Doc. No. 83].

[3]*Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir.1999); *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993)).

undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.[4]

Of the aforesaid *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel.[5]   Three of the Johnson factors – complexity of the issues, results obtained and preclusion of other employment – are fully reflected and subsumed in the lodestar amount.[6]   Since the Johnson decision issued, the Supreme Court has barred any use of the sixth factor ( *i.e.*, whether the fee is fixed or contingent).[7]

The lodestar is presumptively reasonable and should be modified only in exceptional cases.[8]   Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.[9]

The NOBRA defendants seek reimbursement for attorney's fees in the amount of $27,660.00 and costs in the amount of $4.604.10.  The attorney's fees are based on following

---

[4]*Johnson*, 488 F.2d at 717-19.

[5]*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

[6]*Heidtman*, 171 F.3d at 1043; *Shipes*, 987 F.2d at 319-22 & n.9).

[7]*Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir.1996) (*citing City of Burlington*, 505 U.S. at 567 and *Shipes*, 987 F.2d at 323).

[8]*Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993); *Heidtman*, 171 F.3d at 1043.

[9]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir.1995).

hourly rates, to wit: (1) E. John Litchfield $200.00 an hour (29 years of litigation experience); (2) Carey B. Daste $100.00 an hour (associate with less than five years experience).

## A. Hourly Rates Charged by Defense Counsel

First, it must determined whether the customary hourly rate of $200.00 charged by plaintiff's lead counsel is reasonable.  Defense counsel, E. John Litchfield, states that he has 29 years of experience in litigation, including civil rights matters.  In further justifying the hourly rate charged and the itemization of time spent prosecuting the case, defendants highlight that the case involved complex issues of constitutional/civil rights law and that the case was fact intensive.[10]

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate.  The $200.00 rate is within the range of prevailing market rates in the New Orleans area, but is contested by the plaintiff.  Plaintiff does not contest the $100.00 hourly rate charged for legal work performed by lead defense counsel's associate, Carey Daste, or the $50.00 hourly rate for paralegal work performed by law clerks, Michael Marsiglia and Edward Moreno.  (It is well established that fees for paralegal time are recoverable.[11])  However, plaintiff does object to the $200.00 hourly rate charged by lead counsel and further contends that defense counsel failed to exercise billing judgment by excising redundant or excessive time charges.

Addressing the $200.00  hourly rate customarily charged by Litchfield, a partner with

---

[10]*See* Submission of New Orleans Baton Rouge Steamship Pilots Association  [Rec. Doc. No. 85].

[11]*Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir.2001); *Walker*, 99 F.3d at 773.

approximately 29 years of litigation experience, Plaintiff does not quibble with the level of

defense counsel's experience.   Instead, plaintiff argues that the field of civil rights litigation

should not command $200.00 an hour and proposes the lesser rate of $150.00 an hour for

Litchfield's professional fees.

Considering the Court's own experience in reviewing and evaluating requests for awards

of attorney's fees and knowledge of the customary rate charged by litigators with more than 25

years of litigation experience, the undersigned is not persuaded by plaintiff's contentions.  A

review of the jurisprudence bolsters this Court's opinion that the hourly rate of $200.00, while

perhaps at the high end of the range of prevailing market rates for lawyers with comparable

experience and expertise in litigation of this type, is neither unreasonable nor excessive.[12]

## B. The Hours Charged by Defense Counsel

Next, the Court must determine the reasonable number of hours that defense counsel

expended on the litigation in light of the undersigned's prior order, which was adopted by the

district judge.  The NOBRA defendants seek reimbursement for 118.40 hours expended by

Litchfield, 55.7 hours expended by Daste and 7.0 expended by paralegals/ law clerks, Marsiglia

and Moreno.

---

[12] *See Oyefodun v. City of New Orleans*, 2001 WL 775574, at *9 (E.D.La. July 9, 2001)
(Vance, J.) ($150 per hour found to be reasonable in the case of an attorney who had been
admitted to the bar in 1977);  *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 699
(E.D.La.2001) (Livaudais, J.) ($185 per hour found to be reasonable in the case of a civil rights
attorney with 25 years of experience); *Yousuf v. UHS of De La Ronde, Inc.*, 110 F.Supp.2d 482,
490-91 (E.D.La.1999) (Livaudais, J.) ($195 per hour to an attorney who had practiced civil rights
litigation for 24 years); *Grantham v. Moffett*, 1996 WL 3750, at *4 (E.D.La. Jan. 3, 1996)
(Africk, M.J.), aff'd, 101 F.3d 699 (5th Cir.1996) (In age discrimination case tried ten years ago
in 1995, Magistrate Judge Africk determined that the hourly rate of $175 for an attorney who had
practiced law for 23 years was reasonable).

The burden of proving the reasonableness of the hours expended is on the fee applicant.[13] As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees.[14]   Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[15]   The fee seeker's attorneys "are charged with proving that they exercised billing judgment."[16]   When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.[17]

Plaintiff specifically challenges excessive and/or duplicate billing, noting for instance that: (1) between March 10, 2005 and March 17, 2005, Daste billed a total of 4.0 hours in connection with the NOBRA defendants' unopposed motion for entry of judgment and dismissal of plaintiff's claims against them; during that same time period, Litchfield also billed 4.0 hours regarding the same task (preparation of motion for entry of judgment and memorandum in support); and (2) between January 25, 2005 and March 31, 2005, Daste billed a total of 7.8 hours researching, preparing and finalizing defendants' original Motion for Attorney's Fees; during that same time period Litchfield billed a total of 12.5 hours preparing and finalizing the same motion and memorandum in support.

_____

[13]*Mota*, 261 F.3d at 528.

[14]*Watkins*, 7 F.3d at 457.

[15]*Walker*, 99 F.3d at 769.

[16]*Id.* at 770.

[17]*Hensley*, 461 U.S. at 434.

As to the *un*opposed motion for entry of judgment of dismissal, memorandum in support and judgment of dismissal, the Court observes that excising the captions, signature lines and certificate of service from these documents [Rec. Doc. Nos. 72 and 73], the text set forth in the body of the aforesaid filings collectively does not exceed thirty-five (35) lines (*i.e.*, two pages). Such duplicate billing – four hours @ $200.00 an hour and four hours @ $100.00 an hour – is unreasonable and unwarranted in the case of an *unopposed* Fed. R. Civ. P. 54(b) motion and judgment of dismissal. The plaintiff should not be tasked to reimburse the NOBRA defendants for the excess and/or duplication of efforts. There also appears to be some duplication of time spent and/or billing excess in connection with preparation and finalization of defendants' Motion for Attorney's Fees as a prevailing party under § 1988. The background and facts set forth in defendants' memorandum in support is, in large part, a reiteration of the text of defendants' successful motion for summary judgment. The applicable law and argument are not complex. The defendant's position was that plaintiff's failed to adduce a *prima facie* case and that, at some point, it became apparent that his case against the NOBRA defendants was frivolous. The total fee of $3,280.00 billed in connection with the research, writing and filing the defendant's original § 1988 motion for award of attorney's fees, representing over twenty (20) attorney hours is excessive.

Additionally, plaintiff contests Daste's fee bill insofar as the defendants seek reimbursement in excess of twelve hours in one day.[18] On January 13, 2005, Daste billed 12.6 hours for a number of tasks collectively including, drafting supplemental witness list, voir dire, proposed jury interrogatories, proposed jury charges and assisting in the preparation of the bench

---

[18]*See* NOBRA Defendants' Supplemental Submission filed May 18, 2005.

book.[19]  Plaintiff's objection is not well founded and the time billed does not appear excessive in light of the tasks described.  Deadlines imposed by the Court sometimes require the investment of time well in excess of a normal workday.  The fee application does not reflect imprudent duplication of effort or excessive hours in this regard.

The undersigned has, however, performed a line-by-line analysis of the fee bill in question and has determined that the hours billed by Litchfield and Daste on December 7, 2004 are not contemplated by the Court order granting the NOBRA defendants' Motion for an Award of Fees.  The NOBRA defendants' motion for summary judgment was not filed until the late afternoon on December 7, 2004.  The undersigned's order granting the defendants' motion *in part* only contemplates an award of fees for services performed and costs incurred thereafter.  Accordingly, time billed by Litchfield and Daste for work performed prior to December 8, 2004 shall not be included in the lodestar computation.

The Court further observes that an attorney's or a paralegal's hourly rate should not be applied to clerical or administrative work. "Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate."[20]  It is well established that "when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate."[21]

---

[19]*Id. See also* Itemized Statement attached to Defendants' Submission filed April 11, 2005.

[20]*Hagan v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D.La. May 15, 2001) (Africk, M.J.) (*citing Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir.1995)); *In re North*, 59 F.3d 184, 195 (D.C.Cir.1995)) (additional citations omitted).

[21]*Sassaman v. Heart City Toyota*, 879 F.Supp. 901, 918 (N.D.Ind.1994) (quotations omitted). *See also Jenkins,* 491 U.S. at 288 n.10 (clerical and other non-legal work should not be

Here, the Court finds that the defendants improperly seek reimbursement for the following clerical tasks at the paralegal's hourly rate, to wit: (1) 1/14/05 MJM <2.0 hours > (created a pleadings index for third portion of pleadings); (2) 12/09/04 ELM <0.3 hours> (trip to U.S. District Court to File Notice of Deposition); (3) 12/14/04 ELM <0.3 hours> (trip to U.S. District Court to File Memorandum in Opposition to Motion to Compel); (4) 1/06/05 ELM <0.4 hours> (trip to U.S. District Court to File motion for leave to supplement record); (5) 3/11/05 ELM <0.4 hours> (trip to U.S. District Court to File Motion and Memorandum); and (6) 1/12/05 CBD <0.40 hours> (filing Opposition to Motion to Review).   It is the opinion of the undersigned that the aforesaid time entries reflect clerical or administrative work, not properly billed at an associate's or paralegal's hourly rate.   As aforestated, clerical work includes copying, typing, labeling, faxing, mailing , filing and/or delivering pleadings/documents.

The Court further finds that the 6.2 hours spent by Daste on January 14, 2005 for the purpose of trial preparation in anticipation of assisting counsel representing other defendants (*i.e.*, the Board of Examiners) should not be reimbursed by the plaintiff.  Plaintiff's claims against the Board of Examiners survived the BOE's motion for summary judgment; the district judge's order denying the BOE's motion is presently pending appeal.  Suffice it to say, the time reflected in the aforesaid January 14, 2005 entry was not necessarily spent in connection with the defense of the plaintiff's claims against the NOBRA defendants.

---

billed at attorney's rate); *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir.1997) (secretarial tasks); *Abrams v. Baylor College*, 805 F.2d 528, 535-36 (5th Cir.1986) (clerical work); *Barrilleaux v. Thayer Lodging Group, Inc.*, 1999 WL 397958, at *2 (E.D. La. June 11, 1999) (Livaudais, J.) (clerical and administrative tasks); *Inks v. Healthcare Distribs. of Ind., Inc.*, 901 F.Supp. 1403, 1416 (N.D.Ind.1995) (delivery of documents); *A.N. v. Handy*, 1995 WL 571828, at *2 (N.D.Ill. Sept. 22, 1995) (mailing papers and filing pleadings).

Litchfield's fee statement is generally well-documented. However, there are a number of entries – *i.e.*, "various conferences with clients/parties in reference to pretrial order," "conference with clients in reference to status," "trial preparations in general," "various conferences with clients in reference to status," "continue trial preparations," "conference following [scheduling conference on March 8, 2005]," and "conference with Lentini in reference to the merits" – which are too vague for the Court to determine whether they represent a reasonable use of time.[22]

Defense counsel's experience has already been taken into account in determining the hourly rates. In light of defendant's objections and in accordance with the standards set forth in *Hensley*, this Court has undertaken a line-by-line review of the time records in conjunction with the parties' written submissions for the purpose of identifying and excluding any "excessive, redundant, or otherwise unnecessary" hours.[23] Because, in many instances, Litchfield's and Daste's listings included a number of tasks either all performed in the same day or at the same time and provide a lump sum total, it is difficult, if not impossible, for this Court to determine the actual time spent on each task. Accordingly, the Court will deduct 20% from each of Litchfield's and Daste's requested hours to account for vagueness, clerical work and failure to exercise billing judgment.

---

[22]*See Walker,*99 F.3d at 773 (rejecting fee request that contained "terse listings" such as "library research," "phone interviews," *inter alia*, with no further explanation); *LP & L,*50 F.3d at 326 n. 11 (describing vague entries which were inadequate to support fee request); *Von Clark v. Butler,* 916 F.2d 255, 259 n. 6 (5th Cir. 1990) (noting that certain entries were "scanty" and lacked sufficient explanatory detail).

[23]*Hensley*, 461 U.S. at 433-45.

## C. Calculation of the Lodestar

In summary, the requested 118.40 hours for Litchfield should be reduced by 6.7 hours (12/7/05), 1.10 hours (2-10/14-05 review/discuss BOE's notice of appeal) and 22.10 hours (*i.e.*, 20% of the balance) for vagueness, clerical work and failure to exercise billing judgment. The reasonable number of attorney hours spent by Litchfield amounts to 88.50 hours. The requested 55.7 hours for Daste should be reduced by 7.2 hours (12/7/04), 6.2 hours ( 1/14/05 trial preparation to assist BOE defendants) and 8.5 hours ( *i.e.*, 20% of the balance) for vagueness, clerical work and the failure to exercise billing judgment. The reasonable number of attorney hours spent by Daste amounts to 33.8 hours. Paralegal/law clerk Marsiglia's 6 hours should be reduced by 2.0 hours billed for the clerical work of creating a pleadings index on January 14, 2005. Finally, the entire amount of paralegal/law clerk Moreno's 1.4 hours should be excised for the reason that delivering/filing pleadings constitutes clerical work and should not be billed at a paralegal's hourly rate. Thus, the reasonable number of paralegal hours billed amounts to 4.0 hours.

After making these reductions in hours, the lodestar amount of reasonable hours multiplied by the reasonable rates set forth above is detailed below, to wit:

Attorney Litchfield   88.5 hours @ $200.00   =   $17,700.00

Associate Daste      33.8 hours @ $100.00   =   $ 3,380.00

Paralegal             4.0 hours @ $ 50.00   =   $  200.00

**TOTAL ATTORNEY's FEES**                **$21,280.00**

The lodestar should be enhanced or reduced only in exceptional cases.[24]   This is not such a case.  In making this determination, the factors articulated in *Johnson* have been considered and applied, as required by the Fifth Circuit.[25]  Those factors have been evaluated as follows:

(1) The time and labor required have already been considered in reaching the lodestar;

(2) The questions involved in this case were not so novel or difficult, as to require an upward adjustment;

(3) The skill required to perform the legal service properly is connected to the second factor and has already been taken into account in defense counsel's hourly rate;

(4) Defense counsel does not contend that the firm was precluded from taking other employment and the Fifth Circuit has held that this factor is already "fully reflected and subsumed in the lodestar amount;"[26]

(5) After the reductions discussed above for failure to exercise billing judgment, *inter alia*, the fees charged were customary;

(6) No contingency contract is at issue and, as a matter of law, a contingent fee contract cannot be used to affect the lodestar;

(7) There were no significant time limitations imposed by the circumstances;

(8) The result obtained by the NOBRA defendants was a complete success, which has already been taken into account;

(9) The experience, reputation, and ability of counsel has already been considered in

---

[24]*Watkins*, 7 F.3d at 457 (*citing City of Burlington*, 505 U.S. at 562).

[25]*Riley*, 99 F.3d at 760; *LP & L*, 50 F.3d at 331.

[26]*Heidtman*, 171 F.3d at 1043.

determining the lodestar;

     (10) Neither the defendants, nor the plaintiff contends that the case was undesirable;

     (11) The NOBRA defendants relationship with counsel is unknown; and

     (12) Neither the NOBRA defendants nor the plaintiff have identified any factually

apposite cases to compare for purposes of adjusting the quantum of the fee award.

     None of the twelve factors weigh in favor of enhancement. In light of the reductions

previously made for failure to exercise billing judgment, *inter alia*, no further downward

adjustment is warranted. The reasonable hours spent multiplied by counsel's reasonable hourly

rates yields a reasonable attorney's fee award of **$21,280.00** as explained above.

### D. Costs

     The NOBRA defendants seeks $4,604.10 in costs. Defendants' itemization of costs is

undisputed in the following particulars, to wit: $17.11 (Federal Express); $86.36 (Copy Costs);

and $8.58 (travel expenses). However, plaintiff does dispute the defendants' cost bill insofar as

reimbursement is requested for deposition transcripts which were not used in support of the

motion for summary judgment. Plaintiff does not dispute that Mr. Litchfield attended the

depositions Harold Patin, David Shirah, Chris Brown, Henry Shows, Eddie Daniels and Robert

Barnett; however, plaintiff argues that, because no use was made of those transcripts in the

NOBRA defendants' Motion for Summary Judgment, the transcription costs were unnecesssary

and thus reimbursement is inappropriate. Plaintiff further notes that several of the deposition

transcripts appear in the context of a total bill and so it is not possible to determine the cost of

each particular transcript.

The applicable law is that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.[27] Pursuant to § 1988, which governs the fee award in this case, all reasonable out-of-pocket expenses are recoverable if they are costs normally charged to the fee paying client.[28] Before the court can tax costs, it must find that the costs were necessarily incurred in the litigation and this finding must be based on some proof of the necessity.[29]

Simply because defense counsel opted not to specifically refer to one or more of the depositions transcripts in defendant's motion for summary judgment does not mean that reference to the deposition testimony was not necessary in formulating the motion for summary judgment. In this case, defendant seeks reimbursement of the costs in the amount of $4,582.05 for deposition transcripts of various parties and witnesses, including (1) Michael Nance [Vol. I. and II $1,435.00], (2) Harold Patin, Robert Barnett and Dawn Gale [$ 551.20], (3) William O. "Bud" Watson [$464.40], (4) Clifford E. Clayton [$901.50], (5) David Shirah, Chris Brown and William Connick [$589.05] and (6) Captain Henry Shows and Captain Edgar Daniels [$547.90]. Considering that, on the motion for summary judgment, the NOBRA defendants bore the burden of demonstrating the absence of any material fact which would preclude summary judgment, the undersigned cannot find on this record that any one or more of the aforesaid deposition transcripts were not necessarily obtained and/or necessary to the NOBRA defendants' successful

---

[27]Fed.R.Civ.P. 54(d).

[28]See Lalla v. City of New Orleans, 161 F. Supp. 2d 686, 712 (E. D. La. 2001) (awarding clerk filing fees, copying costs, deposition transcript costs); Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board, 919 F.2d 374. 379 (5th Cir. 1990).

[29]Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir.1994).

prosecution of the motion for summary judgment.  Therefore, the plaintiff's objection in this regard is overruled.

In summary, the undersigned recommends no deduction for any of the costs incurred for procuring transcripts of the aforesaid depositions, regardless of whether the transcripts were *specifically* referenced in the NOBRA defendants' motion papers. Accordingly, IT IS RECOMMENDED that the NOBRA defendants be awarded costs in the full amount of $4,604.10.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the NOBRA defendants' § 1988 Application for an Award of Attorney's Fees and Costs be GRANTED in the **total amount of $25, 884.10** (*i.e.*, $21,280.00 attorney's fees, plus $4,604.10 costs).

## OBJECTIONS

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12th day of July 2005.

DANIEL E. KNOWLES, III
**UNITED STATES MAGISTRATE JUDGE**